Downey, Judge,
delivered the opinion of the court:
The defendant moves for a new trial and alleges error of law in that the court, on February 19, 1917, rendered judgment herein in the sum of $625.28, “ which included an item of $20.83 for pay as aid on the staff of the commander of the third division of the Atlantic Fleet.” The statement of the alleged error of the court is probably not put as intended, since the judgment of $625.28 did not, in a proper sense, include the item of $20.83 referred to, but the meaning is apparent from the facts of the case and the discussion of the question in counsel’s brief accompanying the motion. The facts are that the court rendered judgment for $625.28 as the difference between the plaintiff’s pay as a lieutenant and a lieutenant commander for the period from July 1, 1914, to March 26, 1915, and that amount is conceded to be correct as the difference in pay of the two grades for the period stated. The fact appeared in the record before the court and in the findings that for the period from July 1, 1914, to August 20,1914, the plaintiff, then a lieutenant, was paid $20.83 as additional pay while serving as an aid on the staff of the fleet commander. It was contended, and is now contended, that the sum received by the plaintiff as additional aid’s pay should have been set off as against the amount found due him as difference in pay between the pay of lieutenant and lieutenant commander and that the judgment should have been, therefore, for that much less.
The action was brought for the purpose of recovering the difference between the pay which the plaintiff had received as a lieutenant in the Navy and the pay of a lieutenant commander from the date stated in his commission, under the provisions of the act of March 4, 1913. No question is now made as to the correctness of the amount, and it is not now contended that the court was in error in holding that he was entitled to the pay of a lieutenant commander from July 1, 1914, the date stated in his commission; but it did appear, from the report of the auditor, made a part of the record in the case when originally submitted, that the plaintiff had received additional aid’s pay in the sum of $20.83 for the period from July 1 to August 20,1914, and the court was and is asked to -deduct that amount from the amount *330 found to be due him as a lieutenant commander. It is contended that without such deduction the plaintiff is being doubly paid for the same period of time and that, since he is only eligible to receive aid’s pay when a lieutenant in the Navy, and not eligible to receive it when a lieutenant commander, the effect of the decision is to hold that he was permitted to hold the two offices of lieutenant and lieutenant commander at the same time.
It might be suggested that, as the case was originally submitted, since there was no attempt on the part of the United States to plead a set-off or counterclaim as contemplated by the rules, the results reached must be correct upon that ground alone, but we did not put it upon that ground in the original consideration of the case, and we prefer now to consider it, not upon that ground, but upon its merits, as original!y considered.
When the plaintiff was designated as an aid and performed the duties under that designation, for which he was paid the amount of $20.83 in question, he was a lieutenant in the Navy, and therefore an officer of the rank properly to be designated as an aid. There is no question made as to the legality of the payment made to him for his services as an aid and in fact no reason appears why that payment was not, in every respect, one proper to be made. He was not then a lieutenant commander and it is therefore quité clear that his payment as an aid possessed none of the infirmities cited by the court in the Knox case to which reference is made. His pay as an aid was additional pay specifically authorized for a special duty, for which, so far as appears, he was properly designated. He was after-wards commissioned a lieutenant commander to rank from July 1, 1914, and upon determination by this court of his rights as a lieutenant commander under that commission, the court concluded that, under a specific statute, particularly applicable in such cases (act of Mar. 4, 1913), he was entitled to the pay of a lieutenant commander from the 1st day of July, 1914, and that having received, for that period, only the pay of a lieutenant, he was entitled to recover the dif *331 ference between the pay of the two grades which was the amount stated in the judgment. Was it the duty of the court, or, indeed, had the court any right, in awarding him judgment for that amount, to offset as against it the amount he had received for services as an aid while yet a lieutenant in the Navy? .
If the right to recover the amount received by him as aid’s pay had been set up originally in the action, by way of set-off or counterclaim, it is submitted that the result could not have been different. It has been held in many cases that payments made in good faith through a mistaken interpretation of the law may not be recovered. In some instances the courts have seemed to adopt a different view, but the most that they have ever said on the subject is to say that payments illegally made may be recovered. It seems to us quite clear that the item in controversy can not be brought even within that rule. The payment for services as aid was not an illegal payment, and it is not so contended. It can only become an illegal payment, if at all, by virtue of a subsequent action — that is, the subsequent commissioning of the plaintiff as a lieutenant commander to rank from an antecedent date. It is quite elementary that the legality of transactions, the validity of contracts, etc., must be determined in the light of the law in force at the time, and the application of that well-settled principle to the case at bar would seem to lead to the conclusion, apparently self-evident, that a payment of compensation entirely legal at the time it was made can not be rendered illegal by some subsequent executive action.
It is contended that this view of the case serves practically to hold that the plaintiff might legally be a lieutenant and a lieutenant commander in the Navy at the same time. Such a result does not by any means follow. At the time he received pay as an aid he was, in fact, a lieutenant. He did not become a lieutenant commander until a subsequent time, and the fact that his commission retroactively gave him rank as a lieutenant commander during the period when he was in fact serving as a lieutenant under the provisions *332 of a specific statute applicable in such cases can not serve to make of him a lieutenant and a lieutenant commander in fact at the same time. He was in fact a lieutenant during the period in question. By subsequent action authorized by statute he became retroactively and constructively but not in fact a lieutenant commander during that period.
Neither is it tenable to contend that the conclusion reached by the court might be carried one step further and reasonably be construed as holding that, for the period involved, the plaintiff might recover the full amount of the pay of a lieutenant commander, notwithstanding the fact that he had already, for that period, received the pay of a lieutenant. The pay he received, which is now questioned, was additional pay for a specific service. It was no part of his pay proper as a lieutenant in the- Navy. It did not attach to the rank and it was not common to all those of that rank. It is not analogous, as suggested by counsel, to additional pay for foreign service, since in that case the service remains the service of a lieutenant but performed under other conditions by reason of which additional pay is given, while-in the case of an aid he performs additional duties of a personal and confidential character (Knox case) which do not follow his rank and of which an admiral of the Navy, quoted in that case, said he “ would not feel called upon to request of any of the other officers attached to the station at the time.” The amount that he recovers by virtue of the judgment of this court is the difference in pay between two different grades in the Navy. The conclusion that he is entitled to retain the additional pay as aid furnishes no reasonable basis for the hypothesis submitted as to the pay of the two grades.
The motion for new trial is’overruled.
Hay, Judge, BarNey, Judge, Booth, Judge, and Campbell, Chief Justice, concur.